UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


LUIS CANDELARIO,

    Petitioner,

-vs-                                                  Case No.  6:10-cv-1666-Orl-22DAB
                                                    (Criminal Case No.:  6:07-cr-211-Orl-22DAB)

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

This case is before the Court on the fourth amended motion to vacate, set aside, or correct an illegal sentence filed by Luis Candelario pursuant to 28 U.S.C. § 2255 (Doc. No. 43).  The Government filed a response (Doc. No. 46) to the fourth amended section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*.  Petitioner filed a reply (Doc. No. 48) to the response.

Petitioner alleges three claims for relief in his fourth amended section 2255 motion: trial counsel was ineffective (claim one); appellate counsel was ineffective (claim two); and there was new evidence showing that there was "no GSA contract" (claim three).[1]

---

    [1]GSA refers to the General Services Administration.

I.      *Procedural History*

Petitioner and Thomas E. Vander Luitgaren ("Vander") were charged by indictment with one count of violating 18 U.S.C. § 1349 for conspiring to commit wire fraud and honest services fraud in violation of 18 U.S.C. §§ 1343 and 1346. *See* Criminal Case No. 6:07-cr-211-Orl-22DAB, Doc. No. 1.[2] The indictment charged Petitioner with participating in a kickback scheme as part of the sale of several emergency vehicles by JPS Communications Inc. ("JPS"), Petitioner's employer, to the United States Virgin Islands government, in which Petitioner and others agreed to pay or accept approximately $415,000 in secret kickback or commission payments unbeknownst to their employers by means of wire communications in interstate commerce.

The first trial held in this case ended in a mistrial because the jury was hopelessly deadlocked. *See* Criminal Case Doc. No. 247 at 10-11. Another jury trial was held a few months later, and the jury convicted Petitioner and his co-defendant of conspiracy to commit both wire fraud and honest services fraud. *See* Criminal Case Doc. Nos. 386 and 387. The Court subsequently adjudicated Petitioner guilty of conspiracy to commit wire fraud and honest services fraud and sentenced him to imprisonment for a term of 18 months to be followed by supervised release for a term of three years (Criminal Case Doc. No. 437).

---

[2]Criminal Case No.6:07-cr-211-Orl-22DAB will be referred to as "Criminal Case."

Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed in an unpublished opinion. *See* Criminal Case Doc. No. 473.

II.  **Analysis**

A.  *Claim One*

Petitioner argues that he received ineffective assistant of counsel because of the following: (1) counsel did not properly investigate the "allegation[s] associated with [the] GSA contract"; (2) counsel committed "serious error[s]," which deprived Petitioner of a fair trial; (3) counsel failed to investigate mitigating evidence; (4) counsel failed to object to a factual error in the presentence investigation report (the "PSI"); (5) counsel did not advise Petitioner "of the jury verdict form or consequences of any special verdict if any"; (6) counsel failed to investigate and preserve the strongest issues for collateral review; and (7) counsel failed to investigate the possibility of prosecutorial misconduct. *See* Doc. No. 43 at 4.

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3]  *Id.*

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that

at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.

*1.     Issue One*

Petitioner claims that counsel did not properly investigate the "allegation[s] associated with [the] GSA contract."

Petitioner appears to argue that the purchase of the emergency vehicles by the United States Virgin Islands ("USVI") did not involve a GSA contract and that counsel failed to properly investigate or present this matter.  However, this assertion is refuted by the record.  Several witnesses at trial referred to the emergency vehicle purchase as involving a GSA contract. For example, Petitioner's co-defendant, Vander discussed the GSA contract and referenced certain GSA contract numbers associated with the vehicles.  *See* Criminal Case Doc. Nos.  410 at 152-53 and 411 at 101-02.  In addition, William Woolard, a special agent for GSA, testified as to the contract with GSA for the purchase of emergency vehicles, *see* Criminal Case Doc. No. 407 at 15-47; Wayne Bryan, the equipment manager for USVI office of Homeland Security, testified that "this [was] a general services contract" and described the details thereof as pertaining to the purchase of the emergency vehicles, *see* Criminal Case Doc. No. 403 at 13-27; Blake Bonyko, who was the chief financial officer for AK Specialty Vehicles, testified as to the purchase order involving GSA, *see* Criminal Case Doc. No. 405 at 139-41; and Phil

---

counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

Supple, who was the president of AK Specialty Vehicles, testified that, although he did not know the "ins and outs of the contract," he was aware that his company had a "GSA schedule" regarding the sale of the emergency vehicles. *See* Criminal Case Doc. No. 405 at 107-11. In addition, the Government introduced at trial certain requisition orders that contained the GSA contract number GS-30-0015N. *See* Government Exhibits 2 and 4.

Petitioner has failed to demonstrate that counsel acted deficiently with regard to these matters or that he sustained prejudice. Therefore, issue one is denied.

2. *Issues Two, Three, and Six*

Petitioner claims that counsel committed "serious error[s]" that deprived him of a fair trial (issue two); that counsel failed to investigate mitigating evidence (issue three); and that counsel failed to investigate and preserve the strongest issues for collateral review (issue six). However, Petitioner's allegations with regard to these issues are vague and conclusory, and they are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993). Petitioner has failed to adequately identify "the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *See United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1988). Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably, *see Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995), and his "failure to specify his allegations does not meet the requirement of *Strickland*."

5

*Cranshaw*, 817 F. Supp. at 728. Petitioner has failed to satisfy either prong of the *Strickland* test, and these issues must fail.

    3.    *Issue Four*

Petitioner asserts that counsel failed to object to a factual error in the PSI. Petitioner's allegations are difficult to decipher, but he appears to argue that the alleged victims in this case suffered no actual monetary or property loss.

Nevertheless, Petitioner's counsel raised this matter with the Court. *See* PSI Addendum at 3. Thus, Petitioner has failed to satisfy either prong of the *Strickland* test, and this issue is without merit.

    4.    *Issue Five*

Petitioner states that counsel failed to advise him "of the jury verdict form or consequences of any special verdict if any." However, this claim is refuted by the record since Petitioner was specifically informed by the Court that a special verdict form would be used at his second trial as it was in his first trial. Crim. Case Doc. Nos. 281 at 126 and 412 at 8-9. As a result, there has been no showing that counsel acted deficiently with regard to this matter or that Petitioner sustained prejudice; consequently, this issue is denied.

    5.    *Issue Seven*

Petitioner argues that counsel failed to investigate the possibility of prosecutorial misconduct. Petitioner mentions certain arguments made by the Government during closing arguments. First, he states that the Government used the

6

word "treason." However, the Government used the word treason in reference to the defendants betraying the trust and allegiance that they owed to the companies for which they worked. *See* Criminal Case Doc. No. 412 at 213.

Next, Petitioner states that the Government misstated several facts during closing argument. However, the statements identified by Petitioner were made as argument. In fact, the Court instructed the jury "that anything the lawyers say is not evidence in this case" and "is not binding upon you." *Id*. at 226.

In addition, there is nothing in the record showing that the prosecutor's alleged misconduct "so infected the trial with unfairness as to make the conviction a denial of due process." *See Darden v. Wainwright*, 407 U.S. 168, 181 (1986) (quotation omitted) (citation omitted).

Further, even assuming that Petitioner's counsel should have raised objections to the prosecutor's conduct, there has been no showing that the prosecutor's actions rendered the trial fundamentally unfair. Thus, Petitioner has not shown that, had his attorney contemporaneously objected to the alleged improper conduct, the outcome would have been any different. Consequently, Petitioner has not shown that counsel acted deficiently or that he sustained prejudice with regard to this matter.

      6.     *Other Instances of Ineffective Assistance of Counsel*

The Court notes that Petitioner raised other instances of ineffective assistance of counsel that were not specifically alleged within the issues noted above. For example, Petitioner contends that counsel made no objection to the use of Angel Rodriguez's plea

agreement. However, it was Petitioner's counsel, not the Government, who introduced the plea agreement in order to impeach the testimony of Mr. Rodriguez. *See* Criminal Case Doc. No. 403 at 154-56.

Petitioner also mentions that there was a variance between the indictment and the proof at trial. This issue appears to involve the evidence presented relating to the GSA contract. However, aside from vague allegations, Petitioner has not shown that the evidence at trial deviated from what was alleged in the indictment.

In addition, Petitioner states that counsel failed to conduct a proper pretrial investigation or to call certain witnesses at trial. As to the pretrial investigation, Petitioner has not identified any exculpatory evidence that counsel failed to locate, and his bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura*, 875 F. Supp. at 237 (S.D.N.Y. 1995). As to the uncalled witnesses, Petitioner has not submitted an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial. *See Gasanova v. United States*, 2007 WL 2815696, at *9 (W.D. Tex. September 6, 2007) (in the case of an uncalled witness, at the very least, the petitioner must submit an affidavit from the uncalled witness stating the testimony he or she would have given had they been called at trial). To show prejudice, the petitioner must show not only that the uncalled witness's testimony would have been favorable, but also that the witness would have testified at trial. *Id*. Here, Petitioner fails to meet either prong of *Strickland* since he has

8

not demonstrated that the testimony of these witnesses would have been favorable or that these witnesses would have actually testified at trial.

Moreover, Petitioner contends that counsel failed to file certain pretrial motions. The failure to file a pretrial motion is not *per se* ineffective assistance of counsel. *See Kim v. United States*, 2009 WL 2151124, at *2 (D.N.D. July 15, 2009). Furthermore, the failure to file a pretrial motion is not ineffective assistance of counsel if there is not a reasonable probability of success. *Id*. Petitioner has failed to demonstrate a reasonable probability of success of any such motions.

Petitioner also states that counsel did not call a mental health expert to testify that Petitioner would suffer adversely if placed in prison. Petitioner's claim is merely a bare, speculative assertion that an expert might exist who would testify in his favor; however, allegations unsupported by any facts are insufficient to establish that counsel was ineffective under *Strickland*. *See Adkins v. Motley*, 2009 WL 960107, at *17 (E.D. Ky. April 7, 2009) (finding that, in order to establish prejudice, the petitioner must present evidence establishing that an expert witness could have been obtained to testify favorably for him or her on the pertinent issue). In any event, the Court notes that Petitioner acknowledged that he "is now under intensive outpatient care with the Veterans Administration and reporting progress to US Probation." *See* Doc. No. 44 at 11.

As to any ineffective assistance of counsel issues that may not have been specifically mentioned, the Court has reviewed all of Petitioner's claims and finds that he has failed to satisfy either prong of the *Strickland* test.

Finally, the Court notes that Petitioner appears to acknowledge that counsel chose a reasonable strategy under the circumstances: "Petitioner is not by any means arguing that trial counsel strategy was not in line with what would have been his strategy. All the claims here were discovered after all the proceedings and in view of the record and Petitioner's claim of actual innocence . . . ." *See* Doc. No. 44 at 18. As noted by the Eleventh Circuit Court of Appeals in *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994):

> The Supreme Court has mandated a highly deferential review of counsel's conduct, especially where strategy is involved. Intensive scrutiny and second-guessing of attorney performance are not permitted. Because it is a wide range of performance that is constitutionally acceptable, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. Cases in which deliberate strategic decisions have been found to constitute ineffective assistance are even fewer and farther between. *This case is not one of them.*

(Citations omitted) (quotations omitted) (emphasis added).

**B.    *Claim Two***

Petitioner claims he received ineffective assistance of appellate counsel because of the following: (1) counsel "was ineffective in investigation, preparation, and oral argument"; (2) counsel's performance was inadequate and fell below an objective

standard of reasonableness; and (3) counsel failed to maintain adequate communication with Petitioner. *See* Doc. No. 43 at 5.

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

  *1.*  *Issue One*

Petitioner asserts that counsel "was ineffective in investigation, preparation, and oral argument."

Petitioner's allegations with regard to this issue are vague and conclusory and inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See Cranshaw*, 817 F. Supp. at 728. Petitioner "must identify the specific acts or omissions of counsel that form the basis for his claim of ineffective assistance." *See Moya-Gomez*, 860 F.2d at 763-64. Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura,* 875 F. Supp. at 237. Petitioner's "failure to specify his allegations does not meet the requirement of *Strickland*." *Cranshaw*, 817 F. Supp. at 728. Petitioner has failed to satisfy either prong of the *Strickland* test, and this issue must fail.

*2.    Issue Two*

Petitioner states that counsel's performance was inadequate and fell below an objective standard of reasonableness. Petitioner mentions that appellate counsel failed to file a motion for rehearing, failed to appeal the conviction on the basis of wire fraud, suffered from post traumatic stress disorder, failed to read or respond to Petitioner's e-mails, filed poorly written pleadings, conducted unprofessional meetings with Petitioner, made unprofessional remarks to Petitioner, failed to hire a private investigator, and failed to argue that the victims did not suffer any monetary or property loss.

With respect to the failure to file a motion for rehearing, Petitioner has not shown a basis for obtaining reconsideration or a rehearing from the court of appeals. He has also not shown how the failure of his attorney to file such a request prejudiced his appeal.

Other than conclusory allegations, Petitioner has not presented any evidence demonstrating that counsel suffered from any mental illness that impaired his ability to prepare and argue Petitioner's direct appeal. In fact, contrary to Petitioner's other allegations that counsel filed poorly written pleading, counsel submitted briefs that were comprehensive, thorough, and well-argued, and the record clearly evinces the thoroughness and reasonableness of appellate counsel's work.

The Court also finds without merit Petitioner's assertions that counsel failed to read or respond to Petitioner's e-mails, conducted unprofessional meetings with

12

Petitioner and made unprofessional remarks to Petitioner, and failed to hire a private investigator. These allegations are unsupported by any evidence, but, even assuming that such actions occurred, Petitioner has not demonstrated prejudice.

The Court further determines that there was no reasonable basis to argue on appeal that the victims did not suffer any monetary or property loss. The loss suffered by the victims was discussed and argued at length at sentencing. *See* Criminal Case Doc. No. 445 at 6-9. Based on the arguments presented by counsel, the total loss was found to be $263,276.71, which was less than the amount originally set forth in the PSI. Petitioner has not shown that there was any basis to appeal the Court's finding on this matter, and, thus, counsel was not ineffective with regard to this matter.

In addition, Petitioner's claim that counsel failed to effectively challenge the object of his wire fraud conviction as opposed to the object of his honest serviced fraud conviction is without merit. Petitioner asserts that there was insufficient evidence to prove he conspired to commit money and property fraud because there was no evidence of economic harm. However, this argument is contrary to the holding of the Eleventh Circuit Court of Appeals which affirmed Petitioner's conviction and found that it was "satisfied that the government presented sufficient evidence to convict Candelario of conspiring to commit wire fraud." *See* Crim. Case Doc. No. 473 at 3. Indeed, the Government presented ample evidence that Petitioner conspired to commit money and property wire fraud. In fact, Petitioner testified at trial that "I didn't want them to know that I was getting this $340,000 because they would have already kept it

13

for themselves." *See* Criminal Case Doc. No. 408 at 142. It was reasonable for counsel not to raise this matter on appeal because it was unsupported by the facts of the case.

Finally, the Court finds that appellate counsel's decision not to pursue these other issues was consistent with reasonable appellate strategy that, under the deferential standard of review articulated in *Strickland*, should not be second-guessed. *See Gray v. White*, No. C-94-2434 EFL, 1997 WL 16311, at *9 (N.D. Cal. January 6, 1997) ("appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy.")(citations omitted); *Carlos v. Cruz*, No. CV 96-5209 (RED), 1997 WL 269591, at *4 (E.D.N.Y. April 21, 1997) ("On appeal, counsel is not required to argue every non-frivolous issue; rather, the better strategy may be to focus on a few more promising issues so as not to dilute the stronger arguments with a multitude of claims"; moreover, the Court must not second-guess the reasonable decisions of appellate counsel to press certain issues instead of others, and the lack of success on appeal is not a basis to impugn appellate counsel's reasonable choices or performance). Under the circumstances, the Court finds that appellate counsel's performance was not deficient and that Petitioner has not demonstrated prejudice. Hence, this claim must fail.

C.   *Claim Three*

Petitioner states that there was new evidence showing that there was "no GSA contract." Interestingly, Petitioner describes this "new evidence" as being ignored by

14

both trial and appellate counsel and as being "extrinsic and improperly used to convict" him. *See* Doc. No. 44 at 16. Such evidence would not be new if it was already known and ignored by defense counsel and, at the same time, used by the Government at trial to improperly convict him.

In addition, none of the documents identified by Petitioner demonstrates that there was no GSA contract. Most of the documents appear to have been in existence prior to Petitioner's trial, and, certain documents specifically state that the emergency vehicles were purchased under a GSA contract by listing an exact GSA contract number. *See* Attachments 2, 6 and 7 to Doc. No. 44. Clearly, this claim is without merit, and, to the extent that Petitioner argues that counsel was in some manner ineffective with regard to this matter, the Court finds that counsel did not act deficiently.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The fourth amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Luis Candelario (Doc. No. 43) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number 6:07-cr-211-Orl-22DAB.

4. The Clerk of the Court is directed to terminate the section 2255 motion (Criminal Case Doc. No. 532) filed in criminal case number 6:07-cr-211-Orl-22DAB.

5. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 27th day of September, 2012.

*[signature]*
ANNE C. CONWAY
United States District Judge

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 9/27
Luis Candelario
Counsel of Record